## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**CHARLES L. TINGLER,**

       **Plaintiff,**

                                 **Case No. 2:23-cv-911**
                                 **Judge Edmund A. Sargus, Jr.**
     **v.**                           **Magistrate Judge Elizabeth P. Deavers**

**CHIEF JUSTICE SHARON**
**KENNEDY,** *et al.*,

       **Defendants.**

### <u>ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION</u>

Plaintiff Charles L. Tingler's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*      \*      \*
>
>     (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1] Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff seeks injunctive relief against each of the seven Justices of the Supreme Court of Ohio (collectively referred to herein as the "Supreme Court"), alleging that they improperly "tagged [him] as a vexatious litigator as a form of retaliation against [him] because [he] [has] filed grievances against them, reported criminal activity to law enforcement against them, and [has] filed litigation against them," and that they also "have retaliated against [him] for petitioning the government for redress of grievances."  (ECF No. 1-1 at PAGEID # 53.)  Plaintiff seeks the following relief:

> I would like the court to order the Justices to vacate the order declaring me as a vexatious litigator, vacate the orders dismissing my complaints for a writ of mandamus and reinstate the cases, and require all the justices to recuse themselves from further participation in any cases where I am a party, and assign a judicial panel to review the cases. I would ask for an additional order requiring Chief Justice Kennedy to vacate the order dismissing my affidavit of disqualification against Judge Tygh Tone of the Erie County Common Pleas Court, reinstate the case, and assign a judge to review the case.

(*Id.* at PAGEID ## 55-56.)  Plaintiff contends that the Supreme Court's finding violated his constitutional rights under the First Amendment and suggests (though he does not affirmatively allege) that the finding also violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment.  (*Id.* at PAGEID ## 52-55.)

Plaintiff has failed to state a claim against Defendants, because his vexatious litigation is not protected by the United States Constitution.  Needless to say, Plaintiff is not the first vexatious litigator in Ohio who has challenged the constitutionality of such a finding.  It is well settled that one's Constitutional rights are not violated by being declared a vexatious litigator, as Plaintiff suggests.  Specifically, in *Hall v. Callahan*, 727 F.3d 450 (6th Cir. 2013), the United States Court of Appeals for the Sixth Circuit rejected all of the very arguments Plaintiff asserts in this action.

4

With regard to the First Amendment, for example, the *Hall* Court noted that "although access to courts is a fundamental right, the ability to file frivolous lawsuits is not." *Hall*, 727 F.3d at 456 (citing *Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 743, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983) ("Just as false statements are not immunized by the First Amendment right to freedom of speech, baseless litigation is not immunized by the First Amendment right to petition.") (citations omitted)). Because "vexatious conduct is not protected by the First Amendment," and because vexatious litigators are not banned from filing future lawsuits "as long as those lawsuits have merit," the Court held that being declared a vexatious litigator did not infringe upon the First Amendment. *Id.* at 456-457.

The *Hall* Court also rejected the argument that Ohio's vexatious litigator statute violated the Due Process Clause, for two reasons. *Id.* at 457. First, Ohio's vexatious litigator statute "does not arbitrarily and capriciously deprive citizens of a constitutionally protected liberty or property interest," because it is "rationally related to legitimate ends, so it is not arbitrary." *Id.* (citing *Grundstein v. Ohio*, No. 1:06-cv-2381, 2006 WL 34999990, at *6; *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 227, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985)). And second, the statute "also restrains narrowly only the conduct it seeks to prohibit, by providing a mechanism by which even vexatious litigants can file meritorious actions." *Id.*

Finally, the *Hall* Court held that the argument that Ohio's vexatious litigator statute violated the Equal Protection Clause "clearly has no merit," because Plaintiff had failed to "demonstrate that a discrimination of some substance has occurred which has not occurred against other individuals who were similarly situated." *Id.* (citing *City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d. 313 (1985)).

5

The same holds true here, on all fronts.  Specifically, the Supreme Court could not, and did not, infringe upon Plaintiff's First Amendment rights because vexatious conduct is not protected by the First Amendment.  The Supreme Court's order specifically noted that Plaintiff can "continu[e] or institut[e] legal proceedings" so long as he first obtains leave to do so.  (ECF No. 1-1 at PAGEID # 82.)  For these reasons, and for the other reasons set forth in *Hall*, the Supreme Court also did not infringe upon Plaintiff's due process rights.  And finally, because Plaintiff has failed to identify any "similarly situated" individuals who were treated differently, he also has failed to state an equal protection claim.  *Hall*, 727 F.3d at 457.

Separately, Plaintiff alleges that the Supreme Court declared him to be a vexatious litigator "as a form of retaliation."  (ECF No. 1-1 at PAGEID # 53.)  But this does not save Plaintiff's Complaint, because in order to allege a retaliation claim, Plaintiff would need to have engaged in constitutionally protected activity which motivated the allegedly retaliatory action. *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 821 (6th Cir. 2007) ("[A] plaintiff must show that (1) he was participating in a constitutionally protected activity; (2) defendant's action injured plaintiff in a way "likely [to] chill a person of ordinary firmness from" further participation in that activity; and (3) in part, plaintiff's constitutionally protected activity motivated defendant's adverse action.") (citations omitted).  As discussed above, however, Plaintiff's vexatious litigation is not constitutionally protected.  *Hall*, 747 F.3d at 456-457.  To this end, as the documents attached to Plaintiff's Complaint make clear that the Supreme Court only declared Plaintiff to be a vexatious litigator because of his abuse of the court process and frivolous conduct:

> {¶ 3} We may declare a person to be a vexatious litigator if he "habitually, persistently, and without reasonable cause" files actions that are "not reasonably well-grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." And we have a duty to name

as vexatious litigators those individuals who abuse the court process and engage in frivolous conduct so that we may put an end to repeated and frivolous conduct that substantially burdens our court system and deprives litigants of the prompt handling of their cases.

{¶ 4} Reviewing Tingler's filings in this court, **there is no doubt that we must declare him a vexatious litigator to protect our court system and ensure that other litigants--those who follow our rules and procedures--receive timely resolution of their cases. Tingler has filed 84 original actions in this court since December 2022 and shows no signs of stopping. He filed 63 original actions in December 2022, 12 original actions in January 2023, and 9 original actions in February 2023**. While the sheer number of cases that Tingler has filed is only one factor in the vexatious-litigator assessment, it is a significant factor here.

{¶ 5} Additionally, many of Tingler's original actions address similar issues and contain nearly identical language claiming the failure of law-enforcement officials and other government officials in various counties and municipalities in the state to perform their duties. He also alleges, among other things, perjury and obstruction of justice on the part of these officials. In some of his original actions, he makes improper requests for grand-jury materials. **The claims reviewed thus far have been without merit; including this case, we have unanimously dismissed 22 of his original actions, 17 of which were dismissed on the merits.** And after reviewing the claims in this case, I do not foresee that result changing.

{¶ 6} The justices, law clerks, filing clerks, and other court personnel have had to review the 22 actions filed by Tingler that have already been adjudicated, and they have reviewed or will have to review the remaining 62 pending actions. And the county prosecutors, their employees, and other members of the state's legal system have had to spend valuable time responding to all these lawsuits and motions. **This excessive use of court resources is unfair to other litigants in Ohio's court system.**

(ECF No. 1-1 at PAGEID ## 83-84 (internal citations omitted; emphasis added.)  Accordingly, Plaintiff's own filing confirms that the Supreme Court provided more than sufficient explanation that its finding was connected only to Plaintiff's vexatious litigation, and not to Plaintiff's "grievances against them," "report[s] [of] criminal activity against them," "litigation against them," or "petition[s] [to] the government for a redress of grievances," as Plaintiff theorizes. Plaintiff's allegations of retaliation are therefore based solely on "naked assertion[s] devoid of further factual enhancement" and do not suffice. *Iqbal*, 556 U.S. at 678 (*Twombly*, 550 U.S. 544, 557 (2007)).

Finally, even if Plaintiff had otherwise stated a claim, *arguendo*, then this Court still should dismiss Plaintiff's Complaint under the *Rooker-Feldman* doctrine. In his Complaint, Plaintiff seeks various forms of injunctive relief, hoping to undermine or reverse various state court orders and judgments – the most prominent, of course, being Plaintiff's effort "to vacate the order declaring [him] as a vexatious litigator." (ECF No. 1-1 at PAGEID ## 55-56.) This is improper. A doctrine known as *Rooker-Feldman* further limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548 (internal quotation marks and citations omitted).

Accordingly, to the extent Plaintiff seeks to "vacate" the Supreme Court's order, Plaintiff's claim is plainly barred by *Rooker-Feldman* and should be dismissed. *Lloyd v. Pokorny*, No. 22-3321, 2023 WL 3294531, at *2 (6th Cir. Jan. 23, 2023), *cert. denied*, 143 S. Ct. 2620 (2023) ("To the extent that Lloyd seeks to undo the specific outcome of the [underlying]

case, her claims are barred by *Rooker-Feldman* and were properly dismissed by the district court.").

For these reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED** in their entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief can be granted.

### III.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v.*

*Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

      **IT IS SO ORDERED.**


**Date:  August 25, 2023**          */s/ Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                      **UNITED STATES MAGISTRATE JUDGE**